UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DEMANNE CUTCHIN,                    )
                                    )
            Petitioner,             )
                                    )
        v.                          )   Civil Action No. 13-1814 (RBW)
                                    )
U.S. PAROLE COMMISSION,             )
                                    )
            Respondent.             )
_____ )

## MEMORANDUM OPINION

On November 19, 2013, Demanne Cutchin ("the petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and on January 28, 2014, the United States Parole Commission ("the Commission") filed its response. For the reasons discussed below, the petition will be denied.[1]

## I. BACKGROUND

The petitioner challenges the calculation of his sentence. *See* Petition ("Pet.") ¶ 5. He contends that because he has not received proper credit toward service of his sentences, he should have been released from custody in April 2010. *See id*. ¶ 13 (Ground One). In order to consider the petitioner's claim, the Court first recounts his criminal convictions and multiple parole revocations.

On November 24, 1992, for the petitioner's conviction of possession of a firearm during a crime of violence, the Superior Court of the District of Columbia ("Superior Court") imposed a

---

[1] The petitioner's Motion for Summary Judgment will also be denied. The Court finds that the petitioner has been awarded all the credit he is entitled to receive. The alleged denial of credit therefore does not violate the petitioner's rights to due process and equal protection.

1

prison sentence of five to 15 years, and for his conviction of receiving stolen property, it imposed a one to three year prison sentence. U.S. Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Opp'n"), Exhibit ("Ex.") 1 (Face Sheet regarding Case Nos. F-3508-92D and F-5547-92C). The petitioner's aggregate maximum term of imprisonment was 18 years. *See* Resp't's Opp'n at 2.

The petitioner was first paroled on April 10, 1998, and he was to have remained under parole supervision until May 28, 2010. *Id.*, Ex. 2 (Certificate of Parole dated March 2, 1998). The Commission revoked the petitioner's parole on August 21, 1998. *See id.*, Ex. 3 (D.C. Reconsideration Hearing dated January 11, 1999) at 1; *see also id.*, Ex. 36 (Declaration of Andrew Roush ("Roush Decl.")) ¶ 9. It also set August 20, 1999, as the effective date for his re-parole. *Id.*, Ex. 4 (Notice of Action dated February 10, 1999) at 1. The petitioner's parole was delayed by 30 days to September 20, 1999, *id.*, Ex. 5 (Notice of Action dated September 17, 1999), and upon his release, the petitioner was to remain under supervision until October 10, 2010, *id.*, Ex. 6 (Certificate of Parole dated September 21, 1999) at 1.

On September 12, 2000, the petitioner was charged with violating four conditions of his parole: using dangerous and habit-forming drugs, failing to report for drug testing, failing to report to his supervision officer as directed, and failing to report a change of residence. *Id.*, Ex. 7 (Warrant Application dated September 12, 2000) at 1. The Commission issued a parole violation warrant and the warrant was executed on November 29, 2000. *Id.*, Ex. 9 (Revocation Hearing Summary dated April 29, 2001) at 1. Subsequently, on January 11, 2001, the petitioner was charged with another criminal offense upon his arrest on November 29, 2000, for possession with intent to distribute heroin. *Id.*, Ex. 8 (Supplement to Warrant Application dated September 12, 2000). The petitioner's revocation hearing took place on April 20, 2001, *id.*, Ex. 9 at 1,

resulting in the revocation of his parole and forfeiture of his street time.[2]  *Id*., Ex. 10 (Notice of Action dated June 15, 2001) at 1.  The Commission initially set May 29, 2003, as the date for the petitioner's presumptive parole release.  *Id*., Ex. 10 at 1.  After two adjustments, *see id*., Exs. 11-12 (Notices of Action dated February 19, 2002 and April 9, 2002, respectively), the petitioner was re-paroled on May 14, 2002.  *Id*., Ex. 13 (Certificate of Parole dated May 15, 2002) at 1.  The petitioner was to remain under parole supervision until July 9, 2013.  *Id*., Ex. 13 at 1.

On November 24, 2003, the petitioner was charged with three violations of the conditions of his parole: using dangerous and habit-forming drugs, failing to submit to drug testing, and failing to report to his supervision officer as directed.  *Id*., Ex. 14 (Warrant Application dated November 24, 2003) at 1-2.  The Commission issued its warrant on November 24, 2003.  *Id*., Ex. 14 at 2.  It later charged the petitioner with another parole violation arising from his arrest and conviction for escape from a police officer.[3]  *See id*., Exs. 15-16 (Supplements dated January 12, 2004 and March 25, 2005, respectively).

The Commission's November 24, 2003 warrant was executed on October 10, 2005, and the petitioner's revocation hearing was held on December 14, 2005.  *Id*., Ex. 17 (Hearing Summary dated December 14, 2005) at 1.  The Commission revoked the petitioner's parole, forfeited his street time, and set April 25, 2006, as the petitioner's re-parole date.  *Id*., Ex. 18 (Notice of Action dated January 5, 2006) at 1.  Shortly after his re-parole, however, the petitioner

---

[2]  The term "street time" refers to the petitioner's "time on the street (and not in prison) while on parole . . . ."  *Washington v. U.S. Parole Comm'n*, 859 F. Supp. 2d 21, 24 (D.D.C. 2012).

[3]  "On 12/26/2003, the [petitioner] was detained based on a parole violation warrant.  While being transported to the police station, [he] kicked the passenger door open and fled from the officer's vehicle.  [He] was apprehended [and] arrested . . . for [escape from a police officer] on 12/26/2003."  Resp't's Opp'n, Ex. 15.  The petitioner was convicted of this offense, and the Superior Court imposed a sentence of 24 months' incarceration followed by a term of supervised release.  *Id*., Ex. 16.

3

was charged with four more violations of the terms of his release: using dangerous and habit-forming drugs, failing to submit to drug testing, failing to complete a drug treatment program, and failing to report to his supervision officer as directed. *Id*., Ex. 19 (Warrant Application dated August 7, 2006) at 1-2. A hearing examiner found probable cause that the petitioner committed the alleged violations. *See generally id*., Ex. 20 (D.C. Probable Cause Hearing Digest dated August 29, 2006) at 2-4. In lieu of a revocation hearing, on October 25, 2006, the petitioner accepted the Commission's expedited revocation proposal. *Id*., Ex. 21 (Response to Expedited Revocation Proposal). Accordingly, the Commission revoked the petitioner's parole, forfeited his street time, and set a presumptive parole date of September 21, 2007. *Id*., Ex. 22 (Notice of Action dated November 1, 2006) at 1.

When the petitioner was re-paroled on September 21, 2007, he was to remain under supervision until September 8, 2015. *Id*., Ex. 23 (Certificate of Parole dated September 21, 2007) at 1. Once again, the Commission issued a violation warrant not only for the petitioner's continued use of dangerous and habit-forming drugs, failure to submit to drug testing, and failure to report to his supervision officer as directed, but also for his failure to complete any one of three drug treatment programs to which he had been referred. *Id*., Ex. 24 (Warrant Application dated April 7, 2008) at 1-2. After execution of the warrant on June 9, 2008 and a parole revocation hearing on July 17, 2008, *see id*., Ex. 25 (Hearing Summary dated July 17, 2008) at 1, the Commission again revoked the petitioner's parole, forfeited his street time, and set a presumptive re-parole date of October 9, 2009, *id*., Ex. 26 (Notice of Action dated July 30, 2008) at 1.

At the time of the petitioner's parole release on October 9, 2009, he was to remain under supervision through May 3, 2016. *Id*., Ex. 27 (Certificate of Parole dated September 11, 2009) at

4

1. Long before that date, however, the petitioner was charged with four more violations of the conditions of parole: use of dangerous and habit-forming drugs, failure to submit to drug testing, failure to report to his supervision officer as directed, and failure to complete a drug treatment program. *Id*., Ex. 28 (Warrant Application dated April 1, 2010) at 2. Notwithstanding a hearing examiner's probable cause findings, *see id*., Ex. 29 (D.C. Probable Cause Hearing Digest dated October 19, 2010) at 2-4, the Commission "terminate[d] the revocation process and release[d]" the petitioner from custody resulting from the April 1, 2010 warrant, because the petitioner had successfully completed the Secure Residential Treatment Program, *id*., Ex. 30 (Notice of Action dated May 9, 2011). This success was short lived, however.

On April 11, 2012, the Commission issued another parole violation warrant on charges that he again used dangerous and habit-forming drugs, failed to submit to drug testing, failed to report to his supervision officer as directed, and failed to participate in outpatient drug treatment programs. *Id*., Ex. 31 (Warrant Application dated April 11, 2012) at 2. In addition, the petitioner was arrested on January 29, 2013 and charged with assault with a dangerous weapon, being a felon in possession of a firearm, carrying a pistol without a license, possession of unregistered ammunition, possession of an unregistered firearm, fare evasion, and attempting to flee from a law enforcement officer. *Id*., Ex. 32 (Supplement to Warrant Application dated April 11, 2012). The petitioner was subsequently indicted on charges of carrying a pistol (outside a home or place of business), unlawful possession of a firearm, possession of an unregistered firearm, and unlawful possession of ammunition. *Id*., Ex. 34 (grand jury indictment). A Superior Court jury ultimately found him guilty on all charges. *See id*., Ex. 33 (docket sheet for Case No. 2013 CF2 001496) at 2. The Commission's April 11, 2012 warrant has been lodged against the petitioner as a detainer. *Id*., Ex. 35 (Inmate Record) at 2.

## II. DISCUSSION

### A. *Good Time Credit*

The petitioner asserts that he has not received good time credit towards service of his sentences. Pet. ¶ 13 (Grounds One and Two). Had good time credit been applied correctly, he argues, his sentences would have expired, *see id.* (Ground One), and his immediate release from custody would be warranted. The petitioner is mistaken.

The petitioner has been awarded the good time credit he is entitled to receive. *See* Resp't's Opp'n, Roush Decl., Attachment ("Attach.") 10 (computing good time credit beginning October 10, 2005), 13 (computing good time credit beginning August 24, 2006) & 16 (computing good time credit beginning June 9, 2008). Good time credit would have been applied to "[his] minimum term of imprisonment to determine the date of eligibility for release on parole[,] and to [his] maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-201.29(b) (repealed Aug. 20, 1994). Its application "neither advance[d] his full-term date nor otherwise hasten[ed] the expiration of his maximum sentence," *Ramsey v. Faust*, 943 F. Supp. 2d 77, 82 (D.D.C. 2013), but instead it would have made him eligible for parole release "earlier than otherwise authorized by the sentence he received," *id.* (citing *Lorando v. Waldren*, 629 F. Supp. 2d 60, 61 (D.D.C. 2009) (additional citations omitted). The petitioner's good time credit did not accumulate as it was forfeited upon each revocation of parole. And every time the petitioner was returned to custody, he was required to "serve the remainder of the sentence originally imposed[,] less any commutation for good conduct which may be earned by him *after his return to custody*." D.C. Code § 24-406(a) (emphasis added).

## B. Jail Credit

The petitioner contends that he was denied credit for time spent in custody from May 5, 1992 through November 30, 1992, and from August 1998 through October 1999. Pet. ¶ 13 (Ground Three). Because "[t]here are no records available that indicate [the petitioner] was in custody from May 5, 1992, to May 28, 1992, [he] was not awarded jail credit for this time period." Resp't's Opp'n, Rouch Decl. ¶ 6 & Attach. 1 (Inmate Record) at 3. He had received jail credit from May 29, 1992 through November 23, 1992. *Id.*, Roush Decl., Attach. 2 (Face Sheet). The respondent's declarant further states that the petitioner "received appropriate jail credit for time spent in custody from August 1998 to October 1999." *Id.*, Roush Decl. ¶ 11.

When the Superior Court imposed sentence on November 24, 1992, the petitioner's expiration full term date ("EFT") was May 28, 2010. *Id.*, Roush Decl. ¶ 5 & Attach. 2 (Face Sheet). When the petitioner was paroled on April 10, 1998, 4,431 days of his sentence remained. *Id.*, Roush Decl. ¶¶ 7-8 & Attach. 3 (Independent Sentence Computation). When the petitioner's parole was revoked on August 21, 1998, 4,431 days of his sentence still remained, and his EFT at that time was October 7, 2010. *Id.*, Roush Decl. ¶ 9 & Attach. 4 (Independent Sentence Computation). When the petitioner was re-paroled on September 21, 1999, 4,034 days remained until his EFT. *Id.*, Roush Decl., Attach. 5 (Independent Sentence Computation). Thus, the respondent has demonstrated that the petitioner received credit for his time in custody from August 21, 1998, the day his parole was revoked, through his re-parole date on September 21, 1999.

### C. Street Time

The petitioner asserts that he has not received credit for street time. Pet. ¶ 13 (Ground Four). Under District of Columbia Law, because the petitioner's parole had been revoked, he is not entitled to credit for street time, as the governing statute provides that:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence.

D.C. Code § 24-406(a); *see U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1085 (D.C. 1997), *op. adopted*, 711 A.2d 85 (D.C. 1998) (en banc); *see also Jones v. Bureau of Prisons,* No. 02-5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) ("Under District of Columbia law, appellant cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked.").[4] Thus, the petitioner was not improperly denied street time credit as he alleges.

### III. CONCLUSION

The Court concludes that the petitioner has received the good time credit and jail credit he is entitled to receive, and that his street time properly was forfeited upon the revocation of his parole. The petition for a writ of habeas corpus therefore will be denied. An Order accompanies this Memorandum Opinion.

DATE: October 31, 2014

/s/
REGGIE B. WALTON
United States District Judge

---

[4] District of Columbia law since has changed, such that a prisoner may get credit for street time under certain circumstances. *See* D.C. Code § 24-406(c). These provisions, which took effect on May 20, 2009, do not apply retroactively, however, and the new law does not affect the petitioner's revocations in 1998, 2001, 2006 and 2008. *Id*. § 24-406(d) (limiting application "only to any period of parole that is being served on or after May 20, 2009"); *see Ferguson v. Wainwright*, 849 F. Supp. 2d 1, 5 (D.D.C. 2012).